**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-50048-002-TUC-JGZ (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| David Mayorquin, | |
| Defendant. | |

Pending before the Court is Defendant David Mayorquin's Rule 60 Motion for Relief from Judgment, (Doc. 23). On July 11, 2024, this Court granted Plaintiff United States of America's Motion for Entry of Garnishment Disposition Order, (Doc. 13), ordering Garnishee, Northwestern Mutual Life Insurance Company (Northwestern Mutual), to remit the cash surrender value of a life insurance policy owned by Defendant as partial payment of the judgment against Defendant in this case. (Doc. 14.) Defendant argues the Court should vacate the Garnishment Disposition Order because he did not receive timely notice of the United States' Ex Parte Application for Writ of Garnishment, (Doc. 6), and the life insurance policy is exempt from garnishment under Arizona law. (Doc. 23 at 2–3); A.R.S. 33-1126(a)(6).

## I.    Background

On September 17, 2018, Defendant pleaded guilty to Unlawful Importation of Wildlife arising from the illegal importation of large quantities of sea cucumber between 2010 and 2012. (Doc. 20 at 1; Doc 1-5.) Defendant's sentence included a fine of $973,490

and restitution of $40,000. (*Id.*) As of May 21, 2024, Defendant owed $362,235. (Doc. 5 at 1.) On June 5, 2024, the United States applied for a Writ of Continuing Garnishment naming Northwestern Mutual as Garnishee (the Writ), (Doc. 5), which the Clerk of Court issued the same day, (Doc. 6). On June 17, 2024, the United States sent a copy of the Writ via certified mail to Defendant at the address 2901 E. Calle Sin Pecado, Tucson, AZ 85718. (Doc. 13 at 1; Doc. 25-1; Doc. 34.) Defendant has resided at that address since 2014. (Doc. 30 at 1.)

On June 18, 2024, Northwestern Mutual submitted an answer to the Writ, which indicated the company held a life insurance policy (the Policy) owned by Defendant with a net cash surrender value of $96,197.97. (Doc. 8.) Northwestern Mutual's answer also indicated that notice of the answer had been sent to Defendant on June 11, 2024. (Doc. 8 at 6.) Defendant had 20 days after receiving the answer to file a written objection to the answer. 28 U.S.C. § 3205(c)(5). After the 20-day period expired, on July 11, 2024, the United States moved for a garnishment disposition order, which the Court issued. (Docs. 13, 14.) The order required Northwestern Mutual to exercise the surrender rights under the Policy and pay the sum to the Clerk of Court towards Defendant's balance. (Doc. 14.)

According to Defendant's first sworn affidavit in support of his Rule 60(b) Motion, Defendant did not receive notice of the attempt to garnish the cash value of the Policy until July 17, 2024. (Doc. 24 at 1.) After receiving notice, Defendant notified his attorney, who filed an objection on July 22, 2024, arguing the cash value of the life insurance policy is exempt from garnishment under Arizona law. (*Id.* at 2; Doc. 17.) On July 26, 2024, Defendant received a notification the Policy had been surrendered effective July 22, 2024. (Doc. 24 at 2.) On July 27, 2024, Defendant received a letter from Northwestern Mutual stating the Court had entered a Garnishment Disposition Order. (*Id.*) Defendant maintains that he acted diligently as soon as he received actual notice of the attempted garnishment. (Doc. 29 at 2.)

On July 30, 2024, the United States responded to Defendant's objection, arguing (1) the objection was untimely; (2) the objection was invalid because the Court had already

entered a disposition order; and (3) the exemption under Arizona law did not apply. (Doc. 20 at 2–4.) On August 7, 2024, Defendant filed the pending Rule 60(b) Motion for Relief from Judgment, arguing the Court should vacate the Garnishment Disposition Order and order the United States to return the cash value of the Policy received from Northwestern Mutual. (Doc. 23.)

## II.    Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for several enumerated grounds, including "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Where a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," courts apply three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). The court will not reopen a case "in the absence of some showing of a meritorious defense." *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "The determination is at bottom an equitable one, taking account all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Under subsection (b)(6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. *Id.* at 393. Although Rule 60(b) should be liberally construed, the policy behind the rule favors the finality of judgments on merits. *Falk*, 739 F.2d at 463.

## III.    Discussion

Mayorquin argues he is entitled to relief from the Garnishment Disposition Order because: (1) he did not receive proper and timely notice of the garnishment of the Policy, which constitutes extraordinary circumstances justifying relief under Rule 60(b); and (2) he has a meritorious defense because the cash value of the Policy is exempt from execution under Arizona law. (Doc. 23 at 3.) The United States argues (1) the purported lack of notice

does not amount to extraordinary circumstances under Rule 60(b)(6); and (2) the Policy does not fall within the applicable exemptions provided for in 18 U.S.C. § 3613(a) and state law exemptions do not apply. (Doc. 25 at 3–4.) The second Rule 60(b) factor requires the Court to consider the merits of Mayorquin's defense in determining whether to grant the motion to reopen. The Court concludes that Mayorquin does not have a meritorious defense because the state law exemption does not apply, a determination that is fatal to his request for relief.

The Arizona statute at issue states: "The following property is exempt from execution, attachment or sale on any process issued from any court: . . . The cash surrender value of life insurance policies where for a continuous unexpired period of two years the policies have been owned by a debtor. The policy shall have named as beneficiary the debtor's surviving spouse." A.R.S. § 33-1126A(6). The Policy appears to meet the exemption's requirements because it names Mayorquin's surviving spouse as beneficiary and Mayorquin has owned the policy for a continuous period of more than two years. (Docs. 8 at 4; 23 at 2; 24 at 1.) The only legal issue before the Court is whether the Arizona state law exemption applies to this garnishment proceeding under the Mandatory Victims Restitution Act of 1996 (MVRA), Pub. L. No. 104-132, 110 Stat. 1227, and Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001–3308. The party objecting to a garnishment bears the burden of proving the grounds for the objection. 28 U.S.C. § 3205(c)(5). The Arizona exemption does not apply in this case because the MVRA explicitly states that (1) state law exemptions are inapplicable, and (2) unmatured life insurance contracts are not exempt from enforcement proceedings conducted pursuant to federal law.

The FDCPA provides civil procedures for the United States to recover judgments on debts. 28 U.S.C. § 3001(a)(1). The FDCPA defines "debt" to include both fines and restitution, and a "judgment" may arise from either a civil or criminal proceeding. 28 U.S.C. § 3002(3)(B), (8). The MVRA governs the payment of restitution to crime victims and expressly provides that the FDCPA's civil enforcement remedies may be used to

enforce judgments of fines and restitution entered under the MVRA. *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005). The Ninth Circuit has analyzed the legislative history of the MVRA, determining that the MVRA was meant to (1) broaden the government's collection powers to "ensure that criminals pay full restitution to their victims for all damages caused as a result of the crime," and (2) "consolidat[e] the procedures for the collection of unpaid restitution with existing procedures for the collection of unpaid fines." *In re Partida*, 862 F.3d 909, 913 (9th Cir. 2017) (quoting H.R. REP. NO. 104-16, at 4 (1995); S. REP. NO. 104-179, at 12 (1995)). Here, the United States has availed itself of the procedures of the FDCPA in applying for garnishment of the Policy as a means to enforce the judgment entered under the MVRA. (Doc. 13 at 1); *see* 18 U.S.C. § 3613(a); 28 U.S.C. § 3205. The parties' disagreement centers on whether the MVRA's enforcement provision, 18 U.S.C. § 3613(a), includes exemptions under state law.

This question is answered by the plain language of the FDCPA and MVRA. The MVRA's enforcement provision states:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that--
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). The first sentence's practical effect is "to allow the government to collect under the FDCPA in addition to individual state laws." *In re Partida*, 862 F.3d at 913 (citing *Mays*, 430 F.3d at 965). Defendant's argument that the enforcement must be in accordance with state law misreads the statutory language. (Doc. 29 at 2–3.) "The United States *may* enforce a judgment . . . in accordance with the practices and procedures for enforcement of a civil judgment under Federal law *or* State law." 18 U.S.C. § 3613(a)

(emphasis added). Here, the United States is enforcing the judgment against Defendant in accordance with the enforcement procedures in the FDCPA, a federal law. And the FDCPA explicitly preempts state law to the extent state law is inconsistent with the FDCPA. 28 U.S.C. § 3003(d). Regardless, "practices and procedures" are not the same as property exemptions.

The remainder of the provision addresses the types of property that are exempt from enforcement. Defendant ignores the listed exemptions and instead argues "there is no language in [18 U.S.C. § 3613(a)] that renders Arizona exemptions ineffective." (Doc. 29 at 2–3.) This argument is unpersuasive. First, the Ninth Circuit has interpreted the "all property or rights to property" language as demonstrating Congress's clear intent that "the totality of defendants' assets will be subject to restitution orders." *United States v. Novak*, 476 F.3d 1041, 1046 (9th Cir. 2007).

Second, the MVRA recognizes only ten types of property as exempt from enforcement—those enumerated by reference to 26 U.S.C. § 6334(a), the Internal Revenue Code's (IRC) list of the types of property exempt from tax levy, and the cash surrender value of life insurance policies is not one of the enumerated types of property. *See id.* § 3613(a)(1); 26 U.S.C. § 6334(a); *United States v. DeCay*, 620 F.3d 534, 541 (5th Cir. 2010) ("The only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes."); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) ("[Section] 3613(c) demands that criminal fines in favor of the United States should be enforced in the same manner as a tax liability would be enforced.").

Third, while the FDCPA allows debtors to elect to exempt property that is exempt under the state law of the debtor's domicile, 28 U.S.C. § 3014(a)(2)(A), the MVRA explicitly overrides the FDCPA's exemptions. 18 U.S.C. § 3613(a)(2) ("section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law"); *see United States v. Drapeau*, 388 F. Supp. 3d 1289, 1294 (W.D. Wash. 2019) ("state law exemptions to garnishment that would otherwise be applicable under the FDCPA . . . do not apply to a

federal action seeking the collection of a criminal restitution debt under the MVRA"); *cf. United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) (finding that the IRC's prohibition on criminal defendants using state exemptions to protect assets in tax enforcement proceedings also applies to garnishment proceedings under the MVRA). Other courts have found the MVRA precludes defendants from relying on state law exemptions in garnishment and other enforcement proceedings. *See, e.g.*, *United States v. Golden*, No. CR-07-281-D, 2010 WL 5141706 at * 2–3 (W.D. Okla. 2010) (holding state law exemptions for retirement funds did not apply to garnishment proceeding under FDCPA seeking restitution); *Drapeau*, 388 F. Supp. 3d at 1294 (holding the MVRA overrides the FDCPA's protections for co-owned property that is exempt from garnishment under state law).[1] The Court therefore rejects Defendant's argument that the MVRA's property exemptions override exemptions found in other federal laws, but not exemptions found in state laws. (Doc. 29 at 3.)

In conclusion, Defendant has not met his burden of proving the grounds for his motion. Because the MVRA precludes the application of state law property exemptions to enforcement proceedings conducted under the FDCPA, Defendant does not have a meritorious defense that would justify vacating the Garnishment Disposition Order or reopening this matter under Rule 60.

Accordingly,

//

//

//

//

//

---

[1] Notably, the FDCPA incorporates the types of property exempt from execution in bankruptcy proceedings. 28 U.S.C. § 3014(a)(1); *see* 11 U.S.C. § 522(d). The bankruptcy exemptions include "Any unmatured life insurance contract owned by the debtor." 11 U.S.C. § 522(d)(7). Yet the MVRA overrides this exemption in the FDCPA. 18 U.S.C. § 3613(a)(2). Defendant has not satisfactorily explained how the Arizona exemption could apply when the MVRA explicitly overrides both state exemptions and exemptions for the type of life insurance policy at issue in this case.

**IT IS ORDERED:**

1. Defendant's Rule 60 Motion for Relief from Judgment (Doc. 23) is **denied.**

Dated this 17th day of October, 2024.

Jennifer G. Zipps
United States District Judge

- 8 -